IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRYL WALKER,<br>   *Plaintiff* | : | CIVIL ACTION |
| v. | : | |
| TRANS UNION LLC *et al.*,<br>   *Defendants* | : | No. 20-5179 |
| MARIE WALKER,<br>   *Plaintiff* | : | CIVIL ACTION |
| v. | : | |
| TRANS UNION LLC *et al.*,<br>   *Defendants* | : | No. 20-5235 |
| ERICKA JACKSON,<br>   *Plaintiff* | : | CIVIL ACTION |
| v. | : | |
| TRANS UNION, LLC,<br>   *Defendant* | : | No. 21-023 |
| ADAM HOLLAND,<br>   *Plaintiff* | : | CIVIL ACTION |
| v. | : | |
| TRANS UNION LLC, *et al.*<br>   *Defendant* | : | No. 21-152 |

## **MEMORANDUM**

PRATTER, J.                     FEBRUARY 2, 2022

  Courts liberally grant a plaintiff leave to amend a complaint under Federal Rule of Civil Procedure 15. However, Rule 15's application is not unlimited. Where an amendment to a complaint would be futile, a court may deny a motion for leave to amend. Here the plaintiffs in

1

these four similar cases have all sought leave to amend their complaints by adding the same identical allegation. Even with the new allegation, however, these amended complaints would fail to state any claim upon which relief could be granted. For that reason, the Court denies each plaintiff's motion for leave to amend.

## BACKGROUND

Each of these four cases presented the Court with the same legal question: whether a person's credit report showing a credit account that at one time was "past due" but has since been closed is inaccurate as a matter of law. *See, e.g., Walker v. Trans Union LLC*, Nos. 20-cv-5179, 20-cv-5235, 2021 WL 5866876, at *1 (E.D. Pa. Dec. 10, 2021). The defendants in these four cases filed motions to dismiss or motions for judgment on the pleadings on the basis that the credit reports at issue contained no inaccurate or misleading information. After hearing a consolidated oral argument on these motions in the four cases, the Court granted the defendants' motions in all four. *Id.* at *9; *see also Jackson v. Trans Union, LLC*, No. 21-cv-23, 2021 WL 5824200, at *7 (E.D. Pa. Dec. 7, 2021); *Holland v. Trans Union LLC*, No. 21-cv-152, 2021 WL 5804375, at *8 (E.D. Pa. Dec. 7, 2021). The Court concluded that even though the plaintiffs' credit reports showed certain closed accounts as delinquent at some point in the past, none of the plaintiffs' credit reports contained inaccurate or misleading information. *See, e.g., Walker*, 2021 WL 5866876, at *9 ("A credit report listing a "Pay Status" or "Status" as past due at some point in the past is not inaccurate as a matter of law when the credit report, considered as a whole, demonstrates to a reasonable person that the account was, is, and continues to be closed.").

However, the Court also granted the plaintiffs leave to *seek leave* to amend their complaints to try to cure the deficiencies. The Court noted that the Court of Appeals for the Third Circuit has established that a plaintiff seeking leave to amend her complaint must attach a draft amended

2

complaint so that the Court can determine whether the proposed amendment would be futile. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). The plaintiffs in these four cases filed motions for leave to amend and attached their draft amended complaints for the Court's review. The defendants in all four cases filed a response in opposition to the plaintiffs' motions. For the reasons that follow, the Court denies the plaintiffs' motions for leave to amend.

## Legal Standard

"A party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). While permissive, that standard is not illusory or without its limits. "Where an amended pleading would be futile, that alone is sufficient ground to deny leave to amend." *Kanter v. Barella*, 489 F.3d 170, 181 (3d Cir. 2007).

A court reviewing a proposed amended complaint for futility applies the same standard of legal sufficiency as under Federal Rule of Civil Procedure 12(b)(6). *Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 243 (3d Cir. 2010). In other words, an amended complaint is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* (internal quotation mark omitted).

## Discussion

The four proposed amended complaints are all nearly identical to the original complaints that the Court dismissed except for one new additional allegation. In each of the four complaints, the plaintiffs have added the identical allegation that "[t]he computer algorithms used by the lending industry to determine a consumer's credit worthiness will misinterpret the status of Plaintiff's account as reported to be a current past due obligation, thus negatively affecting

3

Plaintiff's credit worthiness." Case No. 20-5179, Doc. No. 69-1 ¶ 11; Case No. 20-5235, Doc. No. 83-1 ¶ 20; *accord* Case No. 21-23, Doc. No. 48-1 ¶ 12; Case No. 21-152, Doc. No. 82-1 ¶ 15. Certain plaintiffs added similar vague allegations within other paragraphs. *See* Case No. 21-23, Doc. No. 48-1 ¶ 10 (reporting a past due obligation "misleads the credit scoring algorithms used by the lending industry"); *accord* Case No. 21-152, Doc. No. 82-1 ¶¶ 12, 13.

The defendants put forth a variety of arguments as to why this amendment would be futile in the face of a motion to dismiss, but it is not necessary to address all of them here in detail. The Court has three principal reasons for denying plaintiffs leave to amend on the basis of futility.

First, even with the additional allegation, the plaintiffs have still failed to state a claim. To survive a motion to dismiss, a complaint must contain enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The question is not whether a plaintiff will ultimately prevail, "but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). The plaintiffs' draft amended complaints here do not pass even that low bar. Specifically, the plaintiffs have not alleged any facts that computer algorithms are presently misinterpreting their credit information. Instead, the plaintiffs simply state that this "will" happen. *E.g.*, Case No. 20-5235, Doc. No. 83-1 ¶ 20. But that is not enough to make out a plausible claim that the defendants have violated the FCRA. Further, the plaintiffs have identified no lenders allegedly being duped by the credit reporting agencies' information nor have they identified which computer algorithm or algorithms are allegedly being duped. Rather, the plaintiffs' only additional allegation in their draft amended complaint is entirely speculative; it would not survive a motion a dismiss. This alone is sufficient for the Court to deny the plaintiffs' motions for leave to amend.

4

Second, the Court has already determined that, viewing the plaintiffs' credit reports as a whole, they are not inaccurate nor misleading such that they would have an adverse effect on the plaintiffs. *Holland*, 2021 WL 5804375, at *5; *Jackson*, 2021 WL 5824200, at *4; *Walker*, 2021 WL 5866876, at *5. This is the threshold inquiry for a claim under the FCRA. *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708, 712–13 (3d Cir. 2010); *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 904 n.9 (3d Cir. 2011) (per curiam). Thus, the plaintiffs' additional allegation fails out of the gate because their argument is that some unspecified algorithms used by "the lending industry" will misread information that the Court has already determined is not inaccurate as a matter of law. *See Gibbs v. Trans Union LLC*, No. 21-cv-667, 2021 WL 5882109, at *2 (E.D. Pa. Dec. 13, 2021) ("The question the Court must answer is whether the credit report is misleading, not whether some third party could read the credit report incorrectly. Indeed, there is no way for the Court to control the way people read a credit report, nor is there a way for the Court to know what quirk of computer programming leads a particular algorithm to draw particular conclusions from aspects of computer report."). This is a separate and additional way that the plaintiffs' draft amended complaints have failed to state a claim upon which relief could be granted.

Third, the plaintiffs have likely sued the wrong party. The plaintiffs' claim is that "computer algorithms used by the lending industry will misinterpret the status" of their accounts as reported by the credit reporting agencies. *See, e.g.*, Case No. 21-23, Doc. No. 48-1 ¶ 12. But that is not a complaint against the credit reporting agencies; better framed, that is a complaint against some unnamed lending institution and its unnamed computer algorithms that are allegedly misinterpreting the information in the plaintiffs' credit reports. The credit reporting agencies have no control over the computer algorithms that the lending institutions use.

Finally, as an aside, but because jurisdictional issues must always be of concern to the Court, the Court seriously questions whether the plaintiffs would have Article III standing to pursue this claim as alleged. The plaintiffs' additional allegation is only that some unnamed computer algorithms used by, apparently, the entire "lending industry" "will misinterpret the status" of their account information. *See, e.g.*, Case No. 21-23, Doc. No. 48-1 ¶ 12. For many of the same reasons just explained, the plaintiffs have not alleged any injury that is "concrete, particularized, and actual or imminent" nor have they alleged that "the injury was likely caused by the defendant" nor still have they alleged that "the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). Although the Court has already rejected plaintiffs' motions for leave to amend on other grounds and this is not the dispositive reason for the Court's conclusion, the Court notes that it is highly unlikely that the plaintiffs' claim, as presently alleged, meets the threshold of presenting a case or controversy such that the Court would have constitutional jurisdiction to hear it. U.S. Const. Art. III § 2.

## CONCLUSION

For the foregoing reasons, the Court denies the plaintiffs' motions for leave to amend their complaints. An appropriate order in each case follows.

BY THE COURT:

_/s/ Gene E.K. Pratter_
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE